IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ILLYA QUAIN RODDIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | FILE No. 2:17-cv-02745 |
| TOKYO GRILL MEMPHIS INC., and ) | |
| H P H PROPERTIES, G.P., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, ILLYA QUAIN RODDIE, by and through the undersigned counsel, and files this, his Complaint against Defendants TOKYO GRILL MEMPHIS INC. and H P H PROPERTIES, G.P. pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

### JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising pursuant to 42 U.S.C. § 12181, *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

### PARTIES

2. Plaintiff QUAIN RODDIE (hereinafter "Plaintiff") is, and has been at all

1

times relevant to the instant matter, a natural person residing in Memphis, Tennessee (Shelby County).

3. Plaintiff is disabled as defined by the ADA, and is required to traverse in a wheelchair, is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

4. Plaintiff uses a wheelchair for mobility purposes.

5. Defendant TOKYO GRILL MEMPHIS INC (hereinafter "Tokyo Grill") is a Tennessee general partnership, and transacts business in the state of Tennessee and within this judicial district.

6. Tokyo Grill operates a business located at 4978 Park Avenue, Memphis, Tennessee 38117-5613, doing business as "Tokyo Grill," referenced herein as the "Facility."

7. Tokyo Grill may be properly served with process via its registered agent for service, to wit: Bi Fu Liu, 4978 Park Avenue, Memphis, Tennessee 38117-5613.

8. Tokyo Grill is the lessee or sub-lessee of the real property and improvements that are the subject of this action, hereinafter referenced as the "Property."

9. Defendant H P H PROPERTIES (hereinafter "H P H") is a Tennessee general partnership, and transacts business in the state of Tennessee and within this judicial district.

10. H P H operates a business located at 4978 Park Avenue, Memphis, TN 38117, doing business as "Tokyo Grill," referenced herein as the "Facility."

11. H P H may be properly served with process via its agent-in-fact, to wit:

McKee and McFarland, Inc., 5872 Ridge Bend Road, Memphis, Tennessee 38120-9413.

12. H P H is the owner of the real property and improvements that are the subject of this action, hereinafter referenced as the "Property."

## FACTUAL ALLEGATIONS

13. On or about August 17, 2017, Plaintiff was a customer at "Tokyo Grill" and also attempted to utilize the restroom at the Facility.

14. Plaintiff lives in the near vicinity of the Facility and Property.

15. Plaintiff's access to the businesses located at 4978 Park Avenue, Memphis, Tennessee 38117, Shelby County Property Appraiser's parcel number 065050 00024C ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations which exist at the Property and Facility, including those set forth in this Complaint.

16. Plaintiff intends to visit the Facility and Property within six (6) months, or sooner, to purchase goods.

17. Plaintiff has visited the Facility and Property at least once before and intends on visiting the Facility and Property within the next six (6) months, or sooner, once the Facility and Property are accessible again.

18. In this instance, Plaintiff travelled to the Facility and Property as a customer, encountered the barriers to access at the Facility and Property detailed in this

Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

19. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101, *et seq*.

20. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standard addressing discrimination against individuals with disabilities; and

* * * * *

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

22. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA.

23. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if the defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

24. The Facility is a public accommodation and service establishment.

25. The Property is a public accommodation and service establishment.

26. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27. Public accommodations were required to conform to these regulations by

January 26, 1992 (or January 26, 1993 if the defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181, *et seq.*, and 28 C.F.R. § 36.508(a).

28. The Facility must be, but is not, in compliance with the ADA and ADAAG.

29. The Property must be, but is not, in compliance with the ADA and ADAAG.

30. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in his capacity as a customer of the Facility and Property, but could not fully do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31. Plaintiff intends to visit the Facility and Property again in the near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32. Defendants have discriminated against Plaintiff and others with disabilities, by denying him access to, and full and equal enjoyment of the goods, services, facilities,

6

privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by persons with disabilities, including Plaintiff.

33.     Defendants have discriminated against Plaintiff by failing to comply with the above requirements.

34.     A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed and preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, include, but are not limited to:

    **(a)   ACCESSIBLE ELEMENTS:**

    (i)   The total number of accessible parking spaces on the Property is inadequate and is in violation of section 208.2 of the 2010 ADAAG standards.

    (ii)   The Property lacks an accessible route from the public sidewalk to the accessible entrance(s) of the Facility, in violation of section 206.2.1 of the 2010 ADAAG standards.

(iii) The accessible parking space on the Property most proximate to "Unit 4986" does not have a properly marked access aisle adjacent to it, in violation of section 502.3.3 of the 2010 ADAAG standards.

(iv) The above-described accessible parking space on the Property most proximate to "Unit 4986" is not level due to the presence of a ramp within the boundaries of said accessible parking space, in violation of section 502.4 of the 2010 ADAAG standards.

(v) The above-described accessible ramp on the Property that exists within the boundaries of the accessible parking space lacks finished edges (or edge protection) and is otherwise in violation of section 405.9 of the 2010 ADAAG standards.

(vi) The interior of the Facility has walking surfaces lacking thirty-six (36) inches of clear width, in violation of section 403.5.1 of the 2010 ADAAG standards. Specifically, there is an apparent policy of placing dining tables too close to the hallway leading to the restroom, thereby impeding the clear width of the accessible route thereto.

**(b)   RESTROOMS:**

(i) The "Tokyo Grill" portion of the Facility lacks restrooms signage that complies with sections 216.8 and 703 of the 2010 ADAAG standards.

(ii) The restrooms in the "Tokyo Grill" portion of the Facility have grab

bars adjacent to the commodes therein that are not in compliance with section 604.5 of the 2010 ADAAG standards, as the rear bar is too short.

(iii) The hand operated flush controls on the commodes in the accessible toilet stalls in the restrooms of the "Tokyo Grill" portion of the Facility are not located on the open side of the accessible toilet, in violation of section 604.6 of the 2010 ADAAG standards.

(iv) The paper towel dispensers in the restrooms of the "Tokyo Grill" portion of the Facility are located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

(v) The mirrors in the restrooms of the "Tokyo Grill" portion of the Facility exceed the maximum height permitted by section 603.3 of the 2010 ADAAG standards.

(vi) The controls on the faucets in the restrooms of the "Tokyo Grill" portion of the Facility require pinching and turning of the wrists, in violation of section 309.4 of the 2010 ADAAG standards.

(vii) The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against skin contact, in violation of section 606.5 of the 2010 ADAAG standards.

(viii) The clear floor space of the sinks in the restrooms of the "Tokyo Grill" portion of the Facility is blocked by the paper towel

dispensers therein, in violation of 606.2 of the 2010 ADAAG standards.

The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

35.   Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory acts violating the ADA.

36.    All of the above violations are readily achievable to modify in order to bring the Facility and Property into compliance with the ADA.

37.   The removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low and the Defendants have the financial resources to make the necessary modifications.

38.   Upon information and good-faith belief, the Facility and Property has been altered since 2010.

39.   In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed herein can be applied to the 1991 ADAAG standards.

40.   Plaintiff has attempted to gain access to the Facility and Property in his capacity as a customer, but because of his disability has been denied access to, and has been denied the benefits of services, programs and activities of the Facility and Property, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to

be discriminated against in the near future by Defendants because of Plaintiff's disabilities, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

41. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense.  42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

42. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those set forth herein. The relief requested serves the public interest, and the benefit to Plaintiff and the public far outweighs any detriment to Defendant.

43. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205, and Plaintiff is entitled to attorney's fees, costs, and expenses from Defendants.

44. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility and Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Tokyo Grill in violation of the ADA and ADAAG;

(b) That the Court find H P H in violation of the ADA and ADAAG;

(c) That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access and (ii) alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: October 11, 2017.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Ehrlich & Schapiro, LLC
1123 Zonolite Road, N.E., Ste. 8-B
Atlanta, Georgia 30306
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com